**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

URSULA STATEN, INDIVIDUALLY, AND
AS ADMINISTRATRIX OF THE ESTATE OF
RAY CHARLES STATEN, SR., DECEASED, AND
ON BEHALF OF THE WRONGFUL DEATH
BENEFICIARIES OF RAY CHARLES STATEN, SR.           **PLAINTIFF**

v.                                        **CIVIL ACTION NO. 1:16-CV-319-KS-MTP**

LISA MUSHANE ROSS, et al.                            **DEFENDANTS**

**ORDER**

This matter is before the Court on its on Order to Show Cause [43] directing the parties to show cause as to why this case should not be dismissed without prejudice for lack of subject matter jurisdiction. Plaintiff Ursula Staten ("Plaintiff") alleges that the Court's subject matter jurisdiction is based on its federal question jurisdiction under 28 U.S.C. § 1331, which gives the Court "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

In its Order to Show Cause [43], the Court noted that Plaintiff does not plead a federal claim in her Complaint [1] and brings only state law claims of negligence, gross negligence, legal malpractice, breach of contract, breach of fiduciary duties, breach of duty of good faith and fair dealings, fraud, professional negligence, tortious interference,[1] failure to pursue settlement, failure to advise of settlement offers, civil conspiracy, intentional negligent misrepresentation, negligent omission, misstatement of facts, intentional and negligent infliction of emotional distress, perpetrating fraud on the Court, invasion of privacy (false light), libel, and slander. (*See* Complaint [1] at pp. 9-31.)

---

[1] The Complaint [1] lists "tortuous" interference as the claim. The Court assumes this is a spelling error.

1

In her Response [53], Plaintiff requests that the Court grant her Motion to File Amended Complaint [49] in order to correct the deficiencies of her pleadings.  However, in her Motion to File Amended Complaint [49], Plaintiff explicitly states

> The new Complaint will maintain the counts and allegations against the same Defendants from the original complaint, but it will account for significant factual and procedural developments that have occurred prior to and since the original complaint was filed, to include additional documented evidenced . . . .

(Motion to File Amended Complaint [49] at p. 2.)  There is no argument advanced by Plaintiff that she can or will properly plead a claim under federal law.  Therefore, the Court must find that it does not have subject matter jurisdiction over this matter, and it will be **dismissed without prejudice**.

SO ORDERED AND ADJUDGED this the 7th day of November, 2016.

        *s/Keith Starrett*
        UNITED STATES DISTRICT JUDGE

_____
KEITH STARRETT
UNITED STATES DISTRICT JUDGE

2